ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MARCUS MARSHALL,

        Petitioner,

-v-                                        No. 04 Civ. 10154 (LTS) (JCF)

HERBERT MCLAUGHLIN, Superintendent
of Hudson Correctional Facility,

        Respondent.
-------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: AUG 2 4 2007

### MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

On August 23, 2005, Magistrate Judge James C. Francis IV issued a Report and Recommendation ("Report") recommending that the petition of Marcus Marshall ("Petitioner") for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied. Respondent has submitted an objection to the Report.

When reviewing a Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C) (West Supp. 2006). The court must make a de novo determination to the extent that a party makes specific objections to a magistrate's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). To the extent, however, that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. See Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343 (WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992); Vargas v. Keane, No. 93 Civ. 7852

(MBM), 1994 WL 693885 at *1 (S.D.N.Y. Dec. 12, 1994). A party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a "second bite at the apple" by simply relitigating a prior argument. Camardo, 806 F. Supp. at 381-82.

In his petition, Petitioner made three arguments. First, he asserted that he was denied effective assistance of counsel because his trial attorney (a) repeatedly referred to him as the perpetrator throughout cross-examination of the sole witness, and (b) asserted in his opening statement that the jury would hear alibi evidence and then failed to present such a defense; second, his conviction was against the weight of the evidence presented at trial; and third, the trial judge improperly instructed the jury about taking notes during the witness' testimony. In his Report, Judge Francis recommends that Petitioner's note taking instructions and weight of evidence claims be rejected as procedurally barred because Petitioner failed to exhaust the claims by raising them before the New York Court of Appeals. Judge Francis recommends that the ineffective assistance of counsel claim, though exhausted, be denied because Petitioner's arguments are without merit. Respondent objects solely to Judge Francis's recommendation that Petitioner had exhausted his effective assistance of counsel claim.

The Court, exercising its discretion to consider arguments raised for the first time in objections, has reviewed de novo Respondent's argument that procedural default bars Petitioner's ineffective assistance of counsel claim, and has reviewed the remainder of the Report and Recommendation for clear error only, and finds none.

Effective Assistance of Counsel Claim

Respondent objects to Judge Francis's finding that Petitioner's ineffective assistance

of counsel claim was exhausted. In a habeas corpus proceeding, the doctrine of exhaustion normally requires a petitioner to exhaust all available state court remedies for each claim prior to federal review. See 28 U.S.C. § 2254(b), (c); see also Rose v. Lundy, 455 U.S. 509, 518-519 (exhaustion doctrine provides that a habeas petitioner must have first given state courts the opportunity to pass upon any and all federal claims petitioner raises in seeking to upset his state conviction on federal grounds). Accordingly, a petitioner must "fairly present" his federal constitutional claims in state court to satisfy the exhaustion requirement. Picard v. Connor, 404 U.S. 270, 275, 30 L. Ed. 2d 438, 92 S. Ct. 509 (1971); see also Gonzalez v. Sullivan, 934 F.2d 419, 422 (2d Cir. 1991).

Respondent argued before Judge Francis that the Petitioner had not exhausted his ineffective assistance of counsel claim because his letter requesting leave to appeal did not cite federal cases or utilize constitutional analysis. In his objection, the Respondent further argues that the conditions under which the leave application letter was submitted (namely that it was written by an appellate attorney, specifically directed to the attention of the New York Court of Appeals, cited to passages of New York cases discussing only the state (not federal) standard of review, was limited to whether New York State constitutional rights were violated, and was apparently strategically written to implicate New York standards only) make clear that the Appeals Court was called upon only to consider Petitioner's arguments under state constitutional law.

As Judge Francis noted in his Report, although a petitioner need not have cited "book and verse on the federal constitution," he must have articulated "the substantial equivalent" of the federal habeas claim. Picard, 404 U.S. at 278. He can accomplish this by:

> (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the

Constitution, [or] (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

Daye v. Attorney General of the State of New York, 696 F.2d 186, 194 (2d Cir. 1982)

Petitioner did reference several New York state cases that employ constitutional analysis, including People v. Benevento, 91 N.Y.2d 708, 673 N.Y.S.2d 29 (1998) and People v. Rivera, 71 N.Y.2d 705, 530 N.Y.S.2d 52 (1988). Further, as Judge Francis noted, "the mention of 'effective assistance of counsel' instantly calls to mind the Sixth Amendment's guaranty of the accused's right 'to have the Assistance of Counsel for his defense.'" Twitty v. Smith, 614 F.2d 325, 332 (2d Cir. 1979); Santos v. New York, No. 96 Civ. 3660, 1997 WL 282269, at *1 (S.D.N.Y. May 28, 1997). Further, Petitioner captioned one of the headings of his appeals brief: ". . . Mr. Marshall was denied his Federal and State Constitutional Rights to Effective Assistance of Counsel." (Br. For the Def. to the Appellate Division at 17) (emphasis added).

The assertion of ineffective assistance of counsel thus satisfies either the first or third prong of the Daye test. Therefore, the Court concurs in Judge Francis's determination that the petitioner's ineffective assistance of counsel claim was exhausted.

## Conclusion

Judge Francis's Report and Recommendation is hereby adopted in its entirety, and the petition for a writ of habeas corpus is denied. Petitioner and Respondent may not appeal this order unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C.A. § 2253(c)(1) (West Supp. 2006). A certificate will be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253(c)(2) (West Supp. 2006); see generally United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing the standard for

issuing a certificate of appealability). The Court finds that Petitioner and Respondent will not be able to sustain this burden. Thus, the Court declines to issue a certificate of appealability.

SO ORDERED.

Dated: New York, New York
August 23, 2007

/s/ LAURA TAYLOR SWAIN
United States District Judge